DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence for possession and sale of crack cocaine rendered following a jury trial in the Erie County Court of Common Pleas.
 {¶ 2} On three different occasions in May 2000, a confidential informant working for the Erie County Drug Task Force went to the Sandusky home of appellant, Larry Windham, to purchase drugs. Each transaction was recorded through a remote transmitter concealed on the confidential informant. On each occasion the informant purchased 1/16 of a gram of crack cocaine from a man the informant identified as appellant.
 {¶ 3} On May 26, 2000, drug task force agents executed a search warrant at appellant's residence. The search resulted in the seizure of 6.7 grams of crack cocaine, a crack pipe, scales and an agent purportedly used for "cutting" cocaine for sale.
 {¶ 4} On August 10, 2000, an Erie County Grand Jury indicted appellant for three counts of trafficking in crack cocaine and one count of complicity to possess crack cocaine. The trafficking counts carried a "school zone" enhancement, pursuant to R.C. 2925.03(C)(4)(b). The possession count carried a quantity enhancement, pursuant to R.C.2925.11(C)(4)(c).
 {¶ 5} The matter proceeded to a jury trial, following which appellant was found guilty of two counts of trafficking and one count of complicity to possess cocaine. The trial court sentenced appellant to concurrent 17 month terms of incarceration for the possession counts and an additional three years incarceration for complicity to possess, to be served consecutively to the period of incarceration for the trafficking counts.
 {¶ 6} From this judgment of conviction and sentence, appellant now brings this appeal. Appellant sets forth the following five assignments of error:
 {¶ 7} "Assignment of error No. 1: The trial court commits error when it does not grant a mistrial when various jurors are sleeping during the trial and the sleeping is witnessed by the court, the prosecutor, defense counsel, the defendant and the public.
 {¶ 8} "Assignment of error No. 2: The defendant had ineffective assistance of counsel throughout the trial.
 {¶ 9} "Assignment of error No. 3: The verdict was against the manifest weight of the evidence.
 {¶ 10} "Assignment of error No. 4: The state committed prosecutorial misconduct by indicating that certain witnesses were truthful and misleading the jury.
 {¶ 11} "Assignment of error No. 5: The trial court erred by sentencing the defendant consecutive and concurrent sentences (sic)."
 I. {¶ 12} During the second day of appellant's trial, his trial counsel advised the court that a member of the jury was sleeping. Trial counsel also reported that at various times during the trial two other jurors appeared to be asleep. Appellant moved for a mistrial.
 {¶ 13} The court noted, and the prosecuting attorney concurred, that indeed one of the jurors was asleep. At that point, the court advised appellant that it could replace the sleeping juror with an alternate, consider a mistrial or do nothing. After some discussion, the parties agreed to revisit the issue later in the trial. At the conclusion of the trial, defense counsel advised the court that appellant's motion for a mistrial was withdrawn. Appellant now complains because the trial court did not declare a mistrial.
 {¶ 14} This assignment of error is not well-taken for a number of reasons, the most obvious of which is that appellant withdrew his motion for a mistrial. It is difficult to fault a trial court for failing to grant a motion which is nonexistent. Appellant's assertion that there was a distinction between his trial counsel's withdrawal of the motion and his personal silence on the matter is disingenuous.
 {¶ 15} As to whether the trial court's failure to sua sponte declare a mistrial constituted plain error, such may be found only if the error is obvious and clearly affected the outcome of the trial. State v.Yarbrough, 95 Ohio St.3d 227, 2000-Ohio-2126, paragraph 106. Such clarity of result is not evident in this matter. The record shows that the evidence the juror apparently slept through was the playing of a surreptitious recording of one of the drug purchases which had already been played so many times that the defense counsel had earlier complained that the prosecutor would, "* * * put [the jury] to sleep if he plays those tapes again." Given the repetition of this evidence and the overall strength of the state's case, we cannot see how appellant was clearly prejudiced by this incident. See State v. Keith (1997), 79 Ohio St.3d 514;State v. Mierzejewski (Oct. 13, 2000), Lucas App. No. L-98-1434.
 II. {¶ 16} In his second assignment of error, appellant complains that he was denied effective assistance of trial counsel.
 {¶ 17} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable."Strickland v. Washington (1984), 466 U.S. 668, 687. Accord, State v.Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 18} Scrutiny of counsel's performance must be deferential.Strickland v. Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v. Smith, supra. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland v.Washington at 687. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id. Appellant must show that there exists a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. See id. at 694. See, also, State v. Lott (1990),51 Ohio St.3d 160, for Ohio's adoption of the Strickland test.
 {¶ 19} Appellant presents a litany of purported inadequacies by his trial counsel: counsel's failure to move for a judgment of acquittal, to pursue a mistrial or to attack the confidential informant with evidence of his prior convictions. Appellant also faults his trial counsel for failing to rehabilitate a defense witness, for not objecting to what appellant characterizes as the prosecutor's expression of an opinion of a witness's truthfulness, vouching for the credibility of the informant, and "dilut[ing] the burden of proof" during opening statements.
 {¶ 20} Our consideration of purported prosecutorial misconduct is discussed more fully under appellant's assignment of error No. 4. For the purposes of this ineffective assistance of counsel analysis, it is sufficient to say that, because we find no prosecutorial misconduct, it cannot form the basis of a Sixth Amendment violation.
 {¶ 21} Concerning trial counsel's failure to request a judgment of acquittal pursuant to Crim.R. 29, the motion may not be granted unless, "* * * the evidence is insufficient to sustain a conviction * * *." Crim.R. 29(A). Where the evidence is such that reasonable minds may differ as to whether each material element has been proven, a court may not grant the motion. State v. Bridgeman (1978), 55 Ohio St.2d 261,263-264. In this matter, the state, in its case-in-chief, presented evidence which, if believed, established all of the material elements of the offenses charged. Consequently, a Crim.R. 29 motion would not have been well-taken and trial counsel's failure to move for a judgment of acquittal could not have operated to appellant's prejudice.
 {¶ 22} With respect to trial counsel's abandonment of the mistrial motion, there is some question as to whether such a motion would have been successful. See State v. Keith, supra, and State v. Mierzejewski, supra. Moreover, trial counsel may have concluded that appellant's defense had been successful or, more likely, that appellant was in a better position with the jurors as seated. In either event, the decision to withdraw the mistrial motion might be considered strategic and is, therefore, presumed effective.
 {¶ 23} Appellant's complaint about trial counsel's failure to impeach the state's informant implies that the jury was not privy to the confidential informant's criminal past. This was not the case. The witness's record of conviction and imprisonment was explained on direct examination. Given this, appellant could not have been prejudiced by trial counsel's failure to again go over this ground.
 {¶ 24} Appellant's argument concerning "rehabilitation" of a witness centered on the testimony of a defense witness who claimed an interest in the crack cocaine appellant was alleged to possess. On cross-examination, the state pointed out that the witness had already pled guilty to drug trafficking and suggested that the witness had nothing to lose by claiming the drugs were his. Appellant insists trial counsel should have attempted to rehabilitate the witness by suggesting that separate federal drug charges could have been brought. Again, whether or not to pursue such "rehabilitation" implicates trial tactics and is presumed effective.
 {¶ 25} The "dilut[ion of] the burden of proof" appellant claims is a comment by his own counsel to the effect that the case pivoted on whether the jury believed the testimony of appellant or the confidential informant. This is nothing more than mild hyperbole used as a trial tactic and, therefore, presumed effective assistance.
 {¶ 26} Accordingly, appellant's second assignment of error is not well-taken.
 III. {¶ 27} In his third assignment of error, appellant suggests that his conviction was against the manifest weight of the evidence.
 {¶ 28} In a criminal context, a verdict or finding may be overturned on appeal if it is either against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offensecharged. Id. at 386-387. Specifically, whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J., concurring); State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v.Eley (1978), 56 Ohio St.2d 169; State v. Barns (1986), 25 Ohio St.3d 203.
 {¶ 29} As we indicated in our discussion of the merits of a Crim.R. 29 motion, there was sufficient evidence presented at trial which, if believed, established all the elements of the offenses of which appellant was convicted. Consequently, the evidence presented was sufficient. Moreover, we have fully examined the record of this proceeding and find nothing to suggest that the jury lost its way or that the result was a manifest miscarriage of justice. Accordingly, appellant's third assignment of error is not well-taken.
 IV. {¶ 30} In his fourth assignment of error, appellant complains of prosecutorial misconduct in that the prosecuting attorney "vouched" for the credibility of witnesses during closing argument.
 {¶ 31} As appellee points out, appellant did not object during the state's closing argument, so any purported misconduct is deemed waived unless it constitutes plain error. Crim.R. 52(B); State v. Underwood
(1983), 3 Ohio St.3d 12, 13. A claimed irregularity in the proceedings will not be deemed as plain error unless it constitutes a manifest miscarriage of justice that clearly affects the outcome of the trial.State v. Hill (2001), 92 Ohio St.3d 191, 203.
 {¶ 32} In this matter, appellant confuses argument with a voucher. Our examination of the portion of the prosecutor's closing to which appellant objects reveals that the state did not vouch for the truthfulness of any witness, but used facts introduced into evidence to argue that certain witnesses were believable. This is proper closing argument, State v. Green (2000), 90 Ohio St.3d 352, 373-374, and certainly represents no manifest miscarriage of justice. Accordingly, appellant's fourth assignment of error is not well-taken.
 V. {¶ 33} In his remaining assignment of error, appellant contends that his sentence was disproportionate to his offense, and the court's findings were insufficient to impose consecutive sentences.
 {¶ 34} Appellant's argument concerning disproportionality of sentencing is that a codefendant was given probation on a guilty plea to the same charges; therefore, it was unfair to sentence appellant to a longer sentence. This argument evidences a fundamental misunderstanding of criminal sentences. While R.C. 2929.11 states the overriding purposes of sentencing are to protect the public and to punish the offender, the statute also states as an aspirational goal that sentences for similar crimes be imposed upon similar offenders. However, the sections of the criminal code that follow make clear that consideration of the offense committed is only a starting point. R.C. 2929.13 provides a range of sentences for specific offenses. R.C. 2929.12 then enumerates numerous factors for the court to consider in tailoring a sentence to an individual offender. Beyond these considerations, the court must also determine whether the overriding purposes of sentencing are met.
 {¶ 35} The sentences imposed upon appellant are within the range of sentences available for the offenses for which he was convicted. Moreover, the individual factors considered, which the trial court announced during the sentencing hearing and in its written sentencing order, are in conformity with the law. Consequently, there is nothing in the record to show that the difference in appellant's sentence from that of any other offender was the result of anything other than the individualized factors applied to appellant.
 {¶ 36} Concerning the court's imposition of consecutive sentences, unless consecutive terms are required by law, see R.C.2929.14(E)(1), (2), and (3), a court may impose consecutive sentences only when it concludes that the sentence is 1) necessary to protect the public and punish the offender; 2) not disproportionate to the conduct of the offender and the danger that he or she poses; and 3) the court finds one of the following: a) the crimes were committed while awaiting trial or sentencing, under sanction or under post release control; b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public. R.C. 2929.14(E)(4). The court must articulate its reasons for imposing consecutive sentences. R.C.2929.19(B)(2). State v. Walk (Dec. 29, 2000), Erie App. No. E-97-079. This articulation may be oral, at the sentencing hearing, or in writing in the court's judgment entry on sentencing. State v. Edmonson (1999),86 Ohio St.3d 324, 326; State v. Comer (Jan. 25, 2002), Lucas App. No. L-99-1296.
 {¶ 37} The trial court's sentencing entry in this matter contains express findings that consecutive sentences are necessary to protect the public and punish the offender and that consecutive sentences are not disproportionate to the offender's conduct. During the sentencing hearing the court found that, "* * * the harm caused by the several offenses was so great or unusual that no single prison term * * * would adequately reflect the seriousness of [appellant's] conduct."
 {¶ 38} Read in pari materia, these findings satisfy the require-ments for imposition of consecutive sentences. Accordingly, appellant's final assignment of error is not well-taken.
 {¶ 39} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.